IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

Melissa N. Carro
_____
_____

**Name of Plaintiff**

v.

Vanderbilt University
_____
_____

**Name of Defendant(s)**

Case No. _____
(To be assigned by Clerk)

Jury Demand ☐ Yes ☐ No

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, Melissa N. Carro, is a citizen of the United States and resides at 145 Sequoyah Lane, Nashville, Davidson, TN, 37221, 615-646-0180.
   Street address / City / County / State / Zip Code / Telephone Number

3. Defendant, Vanderbilt University resides at, or its business is located at 2100 West End Avenue Ste 750, Nashville, Davidson, TN, 37203.
   Street address / City / County / State / Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

_____

_____

_____

_____

_____.

4. Plaintiff sought employment from the Defendant or was employed by the Defendant at

   <u>3401 West End Avenue Ste 470W</u>, <u>Nashville</u>,
   Street address                 City

   <u>Davidson</u>, <u>TN</u>, <u>37203</u>.
   County     State     Zip Code

5. Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about <u>November</u> <u>29</u> <u>2010</u>.
                            Month    Day    Year

6. Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of this Complaint on or about <u>October</u> <u>26</u> <u>2011</u>.
   Month    Day    Year

7. The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on <u>September</u>
                                                                        Month
   <u>24</u> <u>2012</u>, a copy of which Notice is attached.
   Day   Year

8. Because of Plaintiff's (1) _____ race, (2) _____ color, (3) ✓ sex, (4) _____ religion, (5) _____ national origin, the Defendant: + gender


a._____ failed to employ Plaintiff.

b.\_\_✓\_\_\_\_\_ terminated Plaintiff's employment.

c._____ failed to promote Plaintiff.

d.\_\_✓\_\_\_\_\_ retaliated against Plaintiff for having filed a charge of discrimination.

e._____ other. Explain: _____

See attached for further explanation.

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

See attached.

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a._____ are still being committed by Defendant.

b._____ are no longer being committed by Defendant.

c.\_\_✓\_\_\_\_\_ may still be being committed by Defendant.


11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a. _____ direct that Defendant employ Plaintiff, or

b. ✓ direct that Defendant re-employ Plaintiff, or

c. ✓ direct that Defendant promote Plaintiff, or

d. ✓ order other equitable or injunctive relief: front pay if reinstatement is not appropriate + tuition benefits lost

e. ✓ direct that Defendant pay Plaintiff back pay in the amount of $20,625 and interest on back pay;

f. _____ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: _____

_____.

g. _____ direct that Defendant pay Plaintiff punitive damages in the amount of _____ because Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights, as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may be appropriate, including costs and attorney's fees.

_Melissa Cammell_
(Signature of Plaintiff)

Melissa N. Carro, Plaintiff, sues the defendant, Vanderbilt University, and in support of such action, states as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff, Melissa N. Carro, is a resident of Nashville, TN.
2. The Defendant, Vanderbilt University, is located in Nashville, TN.
3. This action arises from the position elimination of Melissa Carro that took place in Nashville, TN, which occurred on November 29, 2010.
4. The Plaintiff filed a charge of discrimination with the EEOC on October 26, 2011.
5. The Plaintiff received a right to sue letter from the EEOC on September 24, 2012.

## STATEMENT OF FACTS

6. On November 29, 2010, Melissa N. Carro was employed by the Creative Services and Web Development department of Vanderbilt University Medical Center. Her role was Editor, in charge of content development and website construction.
7. At the same time, the Defendant, Vanderbilt University terminated Melissa Carro with the alleged justification that her position of Marketing Manager was being eliminated. Although her job was coded as such, she had never functioned as a Marketing Manager. Rather, she served as an Editor in the Creative Services and Web Development department as stated above.

## COUNT ONE

Plaintiff, Melissa N. Carro alleges and incorporates by reference all of the facts and allegations in paragraphs 1 through 5 above, and, in addition, further allege:

8. This layoff was done in discrimination of the Plaintiff's age and gender. Vanderbilt University Medical Center hired a young man half the age of Ms. Carro at a significantly lower salary, asked her to train him in her job, and then laid her off.
9. This layoff was not a reduction in force, as some of the communications suggested.
10. This layoff was in retaliation for Ms. Carro's role in revealing the discriminatory comment made by Jill Austin, then Chief Marketing Officer of Vanderbilt University Medical Center, in August 2009. At that point she made the comment that the Web Director, Terry Smith, "would never leave Vanderbilt because he was over 50 and had two kids in college." That comment led to Mr. Smith's complaint against Ms. Austin. Ms. Carro was subsequently questioned and asked to verify that comment. Plaintiff alleges the layoff on November 29, 2010 was in direct retaliation for Plaintiff's role in the above complaint.
11. Betsy Brandes, Director of Creative Services and Web Development, was Plaintiff's direct supervisor. She also was retaliating against Ms. Carro because she and Ms. Carro had both applied for the Director position which Ms. Brandes

secured. Numerous employees in the department have verified that Ms. Brandes did not like Ms. Carro.
12. Vanderbilt University terminated Ms. Carro when she was within one (1) year of being fully eligible for college tuition benefit for her children. One of those children would have begun receiving this benefit within 2011.
13. Vanderbilt University Medical Center based its elimination of Ms. Carro on a departmental restructuring. Defendant stated that Ms. Carro's position of Marketing Manager was being eliminated. However, she never actually held that position, as stated above.
14. Vanderbilt continued to retaliate against Ms. Carro by denying her another job within the Vanderbilt system. Starting in December 2010, Ms. Carro applied for over 15 jobs within Vanderbilt University. These were jobs for which she was highly qualified. She was a Vanderbilt priority applicant through April 2011. However, even though she was a finalist for at least five (5) of these jobs, she was not rehired at Vanderbilt.
15. Human Resource department confirmed that the lackluster references of Ms. Carro from Ms. Austin and Ms. Brandes may have contributed to Ms. Carro not being rehired.

Wherefore, the Plaintiff in the above-titled action claims back pay for the time out of work. In addition, Plaintiff asks for reinstatement with all the seniority, credits and benefits, including tuition, that Plaintiff would have had if termination had not taken place.

Respectfully submitted,

*[signature: Melissa N. Carro]*

Melissa N. Carro
145 Sequoyah Lane
Nashville, TN 37221

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Melissa N. Carro  
145 Sequoyah Lane  
Nashville, TN 37221

From: Nashville Area Office  
220 Athens Way  
Suite 350  
Nashville, TN 37228

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2012-00151 | David J. Smith, Investigator | (615) 736-5928 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  
Sarah L. Smith,  
Area Office Director

SEP 2 4 2012  
*(Date Mailed)*

Enclosures(s)

cc: **VANDERBILT UNIVERSITY**  
Attn: Kevin R. Davis, Associate Counsel  
2100 West End Avenue, Suite 750  
Nashville, TN 37203

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*