UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA N. CARRO, | ) |
|     Plaintiff | ) |
| v. | ) No. 3:12-1325 |
| | ) Judge Campbell/Brown |
| VANDERBILT UNIVERSITY, | ) |
|     Defendant | ) |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Vanderbilt University's (Vanderbilt) motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 11) be GRANTED and the case DISMISSED with prejudice.

### BACKGROUND

Plaintiff was employed by the Creative Services and Web Development department of Vanderbilt University Medical Center. (Complaint ¶ 6). Plaintiff's role was Editor, in charge of content development and website construction. (Complaint ¶ 6). On November 29, 2010, Plaintiff's job position at Vanderbilt was eliminated and she was laid off. (Complaint ¶¶ 3, 10). Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or Tennessee Human Rights Commission ("THRC") regarding the alleged discriminatory lay off until October 26, 2011. (Complaint ¶ 4). Starting in December 2010, Plaintiff applied for over 15 jobs within Vanderbilt University; she was not rehired.

(Complaint ¶ 14). Plaintiff received a right to sue letter from the EEOC on September 24, 2012.
(Complaint ¶ 5).

On December 26, 2012, Plaintiff filed this lawsuit against Vanderbilt for discrimination based on her age and gender, and retaliation based on her participation in a coworker's internal complaint and resulting investigation. (Complaint ¶ 10).

A motion to dismiss (Docket Entry 11) was filed on April 23, 2013. The Magistrate Judge subsequently issued an order (Docket Entry 15) directing the Plaintiff to respond to the motion to dismiss within 28 days and offering either party the opportunity to object to the undersigned continuing as Magistrate Judge in the matter. The Clerk has not notified the Magistrate Judge that either side filed an objection to the Magistrate Judge's continuation.

Despite the Plaintiff receiving this order on April 26, 2013 (Docket Entry 17) the Plaintiff, as of the date of this Report and Recommendation, has not filed any response to the motion.

## LEGAL DISCUSSION

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court will construe all well-pleaded material allegations of the complaint in the light most favorable to the plaintiff, accept the complaint's allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *DirecTv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The

factual allegations in the Complaint, nevertheless, must "be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). To withstand a motion to dismiss, a plaintiff must make more than bare assertions of legal conclusions. *Freeman v. Gay*, 2012 U.S. Dist. LEXIS 79559, at *15 (M.D. Tenn. June 7, 2012)(citing *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). "The complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory." *Id.* In addition to the complaint, the court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (internal citation omitted).

      Even though the Plaintiff has not responded to the motion, and under the Local Rules the Magistrate Judge may take the motion as unopposed, nevertheless in cases of this nature the Magistrate Judge must still examine the complaint to see if the motion to dismiss is fully justified. There appears to be no dispute from the facts, as stated above, that the Plaintiff was terminated on November 29, 2010. It is further clear that her complaint with the EEOC was filed on October 26, 2011.

3

Unfortunately for the Plaintiff, this is more than 300 days after her termination on November 29, 2010. Case law is clear that the 300-day filing deadline is mandatory and "is akin to a statute of limitations" *Brown v. Hyperion Seating Corp.,* 1999 WL 801591 (6th Cir. 199); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). In considering whether equitable tolling is applicable the Sixth Circuit normally takes into consideration five factors: (1) lack of notice of the filing requirements; (2) lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirements for filing the claim. *Id*. at 500.

Since the Plaintiff has not responded to the motion the Plaintiff has clearly failed to provide the Court any basis for applying applicable tolling. There has been no claim that any one of the five factors would help the Plaintiff in this matter. The 300 day limitation must be applied.

The Magistrate Judge believes that all of the Plaintiff's claims against the Defendant concerning her actual termination on November 29, 2010, are barred as she did not file an EEOC complaint within 300 days of termination by the Defendant.

There is a closer issue as to whether the Plaintiff's claims for retaliation are barred for the same reasons. The complaint itself alleges in Count I, Paragraphs 10 and 14, that because she assisted a Mr. Smith in his age discrimination claims

against Mrs. Austin that Mrs. Austin gave her lacklustre references and that because of these lacklustre references her 15 applications for jobs within Vanderbilt were denied despite the fact that she was highly qualified for some of them. Although she is not clear about the exact dates that she applied for the jobs, given the fact that she states she was a priority applicant to April 2011 and was a finalist for at least five of the jobs, it appears that at least some of them would have been within 300 days of her complaint of retaliation to the EEOC.

The issue that remains is whether her complaint to the EEOC, which is set forth in Docket Entry 12-1, gives reasonable notice that there is a claim for retaliation over a failure to rehire. The retaliation block is checked. She further alleges that during her employment, which would be prior to November 29, 2010, she was a key witness in an internal complaint filed by employee Smith and that she believed that her testimony was a factor in her discharge.

Plaintiff's EEOC complaint makes no mention of any subsequent applications for employment or the failure of the Defendant to rehire her based on her applications for employment within the 300 days of filing her EEOC complaint on October 26, 2011.

The general rule is that a plaintiff may file suit only in regard to the claims asserted in the EEOC charge and those claims within the scope of the EEOC's investigation reasonably

expected to grow out of the charge of discrimination. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Had the Plaintiff included anything about the retaliation continuing with the denial of future employment the answer would be an easy "yes" that the plaintiff met this burden. As the Sixth Circuit pointed out in *Scott v. Eastman Chemical Company*, 275 F. App. 466, 471, for claims:

> 'under an expected scope of investigation' test a plaintiff may full exhaust administrative remedies on a claim even if the claim was not actually investigated by the EEOC, or specifically stated in the charge. Moreover, 'where facts related with respect to the charge claim would prompt the EEOC to investigate a different uncharged claim, the plaintiff is not precluded from bringing suit on that claim.' Plaintiffs are not to be penalized if the EEOC investigation should have been larger in scope (internal citations omitted).

The Magistrate Judge considers this a fairly close question. It would have been extremely helpful had the Plaintiff filed a response to the motion. The Magistrate Judge is limited to the record before him on the motion to dismiss.

The Plaintiff made no mention of failure to rehire in her complaint to the EEOC. The Magistrate Judge is unable to conclude that the EEOC was sufficiently on notice that they should investigate claims of future retaliations dealing with hiring, where the Plaintiff made no mention to the EEOC of a failure to rehire in connection with her claims of retaliation. The EEOC was on notice solely with the charges dealing with her termination. Her retaliation claims are therefore time-barred.

## RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends that the motion to dismiss be GRANTED and that this case be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 13th day of June, 2013.

/s/    Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge